**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GILBERT P. HYATT, | Case No. 2:14-cv-00011-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| UNITED STATES PATENT AND TRADEMARK OFFICE and MICHELLE K. LEE, Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office, | |
| Defendants. | |

**I.  INTRODUCTION**

Before the Court for consideration is a Motion to Dismiss, ECF No. 23, filed by Defendants United States Patent and Trademark Office and Michelle K. Lee (collectively, the "USPTO" or "Defendants"). The Court has reviewed the parties' papers. For the reasons discussed below, Defendants' motion is granted in part and denied in part.

**II.  BACKGROUND**

Plaintiff Gilbert P. Hyatt filed his First Amended Complaint on April 23, 2014, in which he claims two causes of action under the Administrative Procedure Act ("APA"), specifically 5 U.S.C. § 706(1), for unreasonable delay in providing a final resolution of two patents which he refers to as "Docket No. 104" and "Docket No. 112." Am. Compl. 16, ECF No. 22. On May 12, 2014, Defendants filed a Motion to Dismiss or, in the Alternative, Strike First Amended Complaint, based on Federal Rules of Civil Procedure 12(b)(1) or alternatively 12(b)(6), and 12(f), respectively. ECF No. 23.

This case is related to a case Hyatt filed on February 27, 2014, Case No. 2:14-cv-00311-LDG-GWF, also against the USPTO, in which Hyatt claims unreasonable delay for eighty additional patent applications. See Notice of Related Cases, ECF No. 16. In the related case, the USPTO filed a similar Motion to Dismiss. In ruling on that motion, Judge George ordered that case be transferred for lack of jurisdiction in the District of Nevada. Hyatt v. U.S. Patent & Trademark Office, No. 2:14-CV-00311-LDG, 2014 WL 4829538, at *2, 2014 U.S. Dist. LEXIS 139895, at *6 (D. Nev. Sept. 30, 2014).

### III. LEGAL STANDARD

To invoke a federal court's limited subject matter jurisdiction, a complaint need only provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Ordinarily, the court will accept the plaintiff's factual allegations as true unless they are contested by the defendant. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). A defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984–85.

### IV. DISCUSSION

Here, Defendants challenge the Court's subject matter jurisdiction. Because the Court finds that it lacks jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1), the Court does not address Fed. R. Civ. Proc. 12(b)(6) or 12(f).

**A.    TRAC Doctrine**

In Telecommunications Research and Action Center v. FCC ("TRAC"), the United States Court of Appeals for the District of Columbia Circuit decided a question of jurisdiction in interlocutory suits over nonfinal agency action when final actions from the same agency are

statutorily committed to the Court of Appeals. 750 F.2d 70, 72 (D.C. Cir. 1984). In that case, the court extended the "well settled" rule that "a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts" and held that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." Id. at 75, 77. The Ninth Circuit endorsed the TRAC doctrine in Public Util. Comm'r of Oregon v. Bonneville Power Admin., 767 F.2d 622, 626 (9th Cir. 1985); see also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985) ("[R]eview of orders resolving issues preliminary or ancillary to the core issue in a proceeding should be reviewed in the same forum as the final order resolving the core issue.").

The basic components of the TRAC doctrine apply in this case. Hyatt seeks to compel "final agency action" on his patent applications, Docket No. 104 and Docket No. 112, within a requested amount of time for each application. Am. Compl. 17. For each of these applications, if the USPTO had reached a final decision, the U.S. Court of Appeals for the Federal Circuit and the U.S. District Court for the Eastern District of Virginia would share exclusive judicial review jurisdiction over that decision. See 35 U.S.C. §§ 141–146. The Court, therefore, finds the Federal Circuit and the Eastern District of Virginia also have exclusive jurisdiction over these claims for unreasonable delay.

**B.     Exception to TRAC**

Courts have found a limited exception to the TRAC doctrine in cases in which agency decisions may be reviewed by different courts depending on the final decision. See Moms Against Mercury v. FDA, 483 F.3d 824, 827 (D.C. Cir. 2007). In Moms Against Mercury, the court explained that if the FDA took one possible action—classifying a medical device as "Class I"—exclusive review would lie with the D.C. Circuit. Id. But if the FDA took a different action—classifying the device as "Class II" or "Class III"—the decision would be directly reviewable only in a district court. Id. (noting further that "[a]ny number of other scenarios can be imagined as well."). The court held that TRAC does not apply "where the basis of prospective jurisdiction is a speculative chain of events." Id. The Ninth Circuit has not addressed the

applicability in this circuit of this exception to the TRAC doctrine, and the Court need not do so here. Because the Court finds Hyatt would not meet the exception even if it were established circuit law, the applicability of the Moms Against Mercury exception is irrelevant.

Hyatt argues that the exclusive jurisdiction of the Federal Circuit or Eastern District of Virginia over a USPTO final decision is speculative because review of that decision is dependent on whether that decision is in favor of Hyatt or not. Resp. 24–25, ECF No. 24. Specifically, Hyatt notes, in some statutes governing the patent appeal process, a precondition for an applicant to appeal to either the Federal Circuit or Eastern District of Virginia is that the applicant be "dissatisfied with the decision of the Patent Trial and Appeal Board" at the Patent and Trademark Office. 35 U.S.C. §§ 141, 145. Hyatt argues if the USPTO makes a final decision in his favor, he will have no grounds to appeal the decision and therefore neither the Federal Circuit nor Eastern District of Virginia will have jurisdiction to hear an appeal. Consequently, Hyatt argues, the only avenue for appeal in that instance would be through a nonspecific federal district court in the form of patent litigation over the enforcement of the issued patents. Resp. 25. By this reasoning, a nonspecific federal court could be the only option for appeal depending on the outcome of the USPTO decision, and therefore TRAC doctrine should not apply. Id.

This argument is not persuasive. Even if the USPTO decides in Hyatt's favor, the direct appeals process is not closed. Third parties, who may be "dissatisfied with the final written decision," may also appeal that decision to the Federal Circuit through the inter partes review process regardless of the USPTO's decision on the patent applications. 35 U.S.C. § 319; 35 U.S.C. § 141 et seq. Moreover, for more generally defined parties to the proceeding, the Federal Circuit and Eastern District of Virginia remain the statutorily designated exclusive fora of appeal or for remedy by civil action, regardless of whether Hyatt has either standing or desire to utilize those processes. See 28 U.S.C § 1295(a)(4)(A).

Finally, litigation over enforcement of issued patents—as opposed to offering an alternative avenue for appeal—is simply not an appeals process. Hyatt's own argument belies the conclusion he would have this Court reach: "Depending on the type of final agency action the PTO ultimately takes on Mr. Hyatt's application, there may be *exclusive review* in the Federal

Circuit or Eastern District of Virginia, or there may be nationwide district court jurisdiction *over litigation involving enforcement* of an issued patent." Resp. 25:10–13 (emphasis added). The statutes Hyatt cites reinforce the distinction between appellate review of a USPTO decision and patent enforcement litigation. See 35 U.S.C. § 281 ("A patentee shall have remedy by *civil action for infringement* of his patent." (emphasis added)); 28 U.S.C. § 1338 ("The district courts shall have *original jurisdiction of any civil action* arising under any Act of Congress relating to patents . . . ." (emphasis added)). Litigation involving enforcement of issued patents or general civil action relating to patents is not judicial review of USPTO decisions in the same way as appellate review and is not intended to be. See Pregis Corp. v. Kappos, 700 F.3d 1348, 1359 (Fed. Cir. 2012) (describing the "carefully balanced framework" Congress created to define "how, when, where, and by whom PTO patentability determinations may be challenged").

Thus, the Moms Against Mercury exception to the TRAC doctrine does not apply to this case. The Federal Circuit and the Eastern District of Virginia have exclusive review power over final decisions in Hyatt's patent applications and therefore have exclusive jurisdiction over claims of unreasonably delay. Accordingly, this Court lacks jurisdiction over this case.

**C. Transfer or Dismissal**

Hyatt argues that if the Court decides—as it has—that the Federal Circuit and the Eastern District of Virginia share exclusive jurisdiction over the instant action, then the Court should transfer this action, not dismiss it. Resp. 26. The Court recognizes an obligation to transfer civil actions "if it is in the interest of justice" to do so, and that transfer should be "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. The Court also notes both that Hyatt requests transfer of this action to the Eastern District of Virginia, Resp. 26, and that the related case to this action was transferred to the Eastern District of Virginia as an appropriate venue, Hyatt v. U.S. Patent & Trademark Office, No. 2:14-CV-00311-LDG, 2014 WL 4829538, at *2, 2014 U.S. Dist. LEXIS 139895, at *6 (D. Nev. Sept. 30, 2014). The Court finds the U.S. District Court for the Eastern District of Virginia an appropriate forum and transfer to be in the interest of justice. Therefore, the Court grants Hyatt's transfer request.

## V. CONCLUSION

The Court notes that, in deciding to transfer this matter to the Eastern District of Virginia, it has not decided any of the remaining arguments raised by the USPTO. This Court has decided only that this Court lacks jurisdiction over Hyatt's claims because the Court of Appeals for the Federal Circuit and the Eastern District of Virginia are the exclusive courts of review of these claims. For these reasons,

**IT IS ORDERED** that Defendants United States Patent and Trademark Office and Michelle K. Lee's Motion to Dismiss or, In the Alternative Strike First Amended Complaint, ECF No. 23, is **GRANTED IN PART** with respect to this Court's lack of subject matter jurisdiction. It is **DENIED IN PART** without prejudice with respect to all other matters raised.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall promptly transfer this action to the Eastern District of Virginia.

DATED: July 28, 2015.

**RICHARD F. BOULWARE II**
**UNITED STATES DISTRICT JUDGE**